UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN HALL, | No. 2:16-cv-1321-JAM-EFB P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| D. BAUGHMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenges a prison disciplinary conviction for possessing a cellphone entered against him on December 9, 2014. ECF No. 10-1 at 27.[1] He claims that his rights were violated because: (1) his disciplinary conviction was not supported by "some evidence"; (2) he was not afforded "clear notice" of the specific charge against him; and (3) there is a lack of uniformity with respect to state law on "constructive possession." ECF No. 1 at 5-8. Upon careful consideration of the record and the applicable law, it is recommended that petitioner's application for habeas corpus relief be denied.

/////

/////

---

[1] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

## I. Background

In its order denying petitioner's habeas petition, the Sacramento County Superior Court provided the following factual summary:

> Petitioner reports he is incarcerated at California State Prison, Sacramento, serving a sentence of 17 years following a 2014 conviction of robbery with a firearm enhancement. On November 5, 2014, Petitioner was issued a Form 115 Rules Violation Report (RVR) for possessing a cell phone. Petitioner was found guilty and was assigned to Privilege Group C for 90 days. Petitioner also lost 90 days of credit. He brought this petition on the grounds that he was found guilty of the rules violation unfairly, as his cellmate admitted to possessing the cellphone without Petitioner's knowledge.

ECF No. 10-1 at 6. Petitioner's initial appeal of the superior court's decision was denied without prejudice after he mistakenly lodged it with the California Court of Appeal for the Fourth Appellate District. ECF No. 10-2 at 38-39. He then correctly filed his appeal with the Third Appellate District and, therein, raised for the first time his claim that prison officials failed to provide him with adequate notice of the disciplinary charge levied against him. *Id*. at 4-8. That court summarily denied his appeal. *Id*. at 2. Petitioner then filed a petition with the California Supreme Court which raised the same adequacy of evidence and notice claims. *Id*. at 43-47. This petition also raised, for the first time, a claim that there is a "lack of uniformity within the 4th Appellate District" with respect to state law on constructive possession. *Id*. at 46. The California Supreme Court summarily denied his petition. *Id*. at 42. Petitioner filed this federal action on June 15, 2016. ECF No. 1.

## II. Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, 565 U.S. 34, (2011)); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (citing *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. *Id.* Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003).

/////

/////

/////

Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

4

the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, 568 U.S. 289, 293 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. *Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. This court "must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102. The petitioner bears "the burden to demonstrate
/////

that 'there was no reasonable basis for the state court to deny relief.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Richter*, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

### III. Mootness

On October 13, 2017, respondent notified the court that petitioner had, as of August 28, 2017, been released on parole. ECF No. 13. Consequently, respondent argues that this petition challenging petitioner's prison disciplinary conviction is now moot. *Id.* at 2. Petitioner has not filed a response to this notice. The court agrees with respondent as to the mootness of this action. There exists a presumption that a wrongful criminal conviction has continuing collateral consequences, *Spencer v. Kemna*, 523 U.S. 1, 8, (1998), but that presumption does not apply with equal measure to prison disciplinary convictions like the one at issue here. *See Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003). And, as noted *supra*, petitioner has not offered argument that his petition is not mooted by his release.

Additionally, for the reasons stated hereafter, the court would deny this petition on its merits even if it were not moot.

### IV. Petitioner's Claims

#### A. Sufficiency of the Evidence

Petitioner argues that his disciplinary conviction for possession of a cellphone is not supported by sufficient evidence because: (1) his cellmate had obtained the phone without his knowledge while he was at a work assignment; (2) his cellmate was the lone occupant of the cell at the time the phone was discovered by prison staff; (3) petitioner never had control of the phone; and (4) his cellmate took responsibility for possession of the phone. ECF No. 1 at 5, 16. The superior court rejected these arguments and held, in relevant part:

> Petitioner provided a copy of the findings from his disciplinary hearing, as well as documentation from his 602 appeals. The documents show that he

> waived assignment of an Investigative Employee or a Staff Assistant and he does not challenge this waiver. The documents also demonstrate that on November 5, 2015, guards conducted a random cell search. Petitioner was at work at the time of the search. His cellmate admitted that he saw the guards coming and placed a cellphone that he had just borrowed inside Petitioner's CD case. The cellmate's intention was to return the phone without Petitioner's knowledge of the phone at all. Petitioner claims that in the face of his cellmate's admission of possession of the cellphone and statement that Petitioner had no knowledge of the cellphone, Petitioner cannot be found guilty of the RVR.
>
> Possession may be physical or constructive, and more than one person may possess the same contraband. (*People v. Montero* (2007) 155 Cal. App. 4th 1170, 1175-1176.) Possession may be imputed when the contraband is found in a place which is immediately accessible to the joint dominion and control of the accused and another. (*People v. Miranda* (2011) 192 Cal. App. 4th 398,410) (*See in re Zepeda* (2006) 141 Cal. App. 4th 1493, 1499-1500 [discovery of razor blades in an area of a cell easily accessible to both cellmates constituted "some evidence" against inmate claiming innocence even though his cellmate acknowledged ownership].)
>
> A review of the petition and supporting documents demonstrate that there was some evidence presented to support the finding of guilt. Accordingly, this petition is denied.

ECF No. 10-1 at 6-7. As noted *supra*, petitioner appealed this decision to both the court of appeals and California Supreme Court; both issued summary denials. ECF No. 10-2 at 2-8; 42-47. As such, the court looks through the summary denials and applies § 2254(d) to the superior court's last reasoned decision. *See Ylst*, 501 U.S. 797 at 806 ("We look through the subsequent unexplained denials to that opinion, unless respondent has carried his burden of adducing strong evidence that one of the subsequent courts reached the merits of the federal claim.").

### 1. **Applicable Legal Standard**

Due process demands that state prison disciplinary decisions revoking good time credits be supported by "some evidence from which the conclusion of the administrative tribunal could be deduced." *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id*.

/////

7

Additionally, the evidence supporting the disciplinary conviction need not "logically preclude" any conclusion other than the one reached by prison administrators. *Id*. at 457. Courts apply this less stringent standard to prison disciplinary convictions because "[r]evocation of good time credits is not comparable to a criminal conviction and neither the amount of evidence necessary to support such a conviction nor any other standard greater than some evidence applies in this context." *Id*. at 456 (internal citations omitted).

### 2. **Analysis**

Although the evidence can be interpreted in varying ways, this claim necessarily fails because "some evidence" supported petitioner's conviction. Petitioner does not dispute that a prohibited cellphone was found in his cell and, more specifically, in his CD case. The reporting officer noted these findings in the rules violation report (ECF No. 10-1 at 26) and this alone meets the "some evidence" standard. *See Bostic v. Carlson*, 884 F.2d 1267, 1271 (9th Cir. 1989) ("[t]he reporting officer's testimony constituted sufficient evidence to support the finding of guilty") (overruled in part on other grounds by *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016)).

Additionally, petitioner's reliance on his cellmate's acceptance of responsibility for the phone is unavailing. *See, e.g., Givens v. McComber*, 2015 U.S. Dist. LEXIS 142572, 2015 WL 6167660, at *6 (E.D. Cal. Oct. 20, 2015) ("Petitioner's denial of responsibility, and his cellmate's acceptance of responsibility for the contraband does not require that the prison disciplinary be overturned."); *Kiefer v. Hedgpeth*, 2011 U.S. Dist. LEXIS 4505, 2011 WL 97732, at *3 (N.D. Cal. Jan. 12, 2011) ("The fact that the cellmate admitted possession of the [contraband] did not logically eliminate liability for [the petitioner], as both may have constructively possessed the [contraband]."). The cellmate's claim of sole responsibility for the contraband was merely one piece of evidence put before the prison officials charged with deciding petitioner's guilt. As noted *supra*, the Constitution did not require these officials to conclusively negate the possibility that petitioner's cellmate had sole possession of the phone. Rather, it demanded only that "some evidence" support petitioner's guilt. *Hill*, 472 U.S. 445 at 457. The superior court's determination that this evidentiary standard was satisfied was neither an unreasonable application of Federal law nor an unreasonable interpretation of the facts.

B.     **Lack of Notice**

Next, petitioner claims that prison officials violated his rights by failing to give him clear notice of the charges against him. Specifically, he argues that their failure to specify whether his alleged possession of the cellphone was "actual" or "constructive" deprived him of an opportunity to prepare a "meaningful and adequate defense." ECF No. 1 at 7. Petitioner did not raise this claim in the habeas petition submitted to the superior court. It appears for the first time in his appeal of the superior court's decision to the Third Appellate District. ECF No. 10-2 at 8. The court of appeal issued a summary denial of this petition. *Id*. at 2. Petitioner raised the claim again in his petition to the California Supreme Court, which also issued a summary denial. *Id*. at 42-47. Absent explicit reasoning supporting these denials, the court independently reviews the record to determine whether habeas corpus relief is available for this claim under § 2254(d). *Stanley*, 633 F.3d 852 at 860. Petitioner still carries the burden of demonstrating that there was no reasonable basis for the state courts to deny him relief, however. *Id*.

1.     **Applicable Legal Standard**

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that due process in the prison disciplinary context requires "advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." *Id*. at 563. The advance written notice must be given "no less than 24 hours" prior to the hearing so that the inmate is informed of the charges and enabled to prepare his defense. *Id*. at 564.

2.     **Analysis**

After review of the record, the court finds that the notice afforded petitioner was wholly adequate. The record indicates that petitioner was issued the first copy of the rules violation report on November 12, 2014. ECF No. 10-1 at 26. The disciplinary hearing was held on December 9, 2014 (*id*. at 27) and the record indicates that, in addition to the notice, he was also given "all non-confidential reports and evidence" more than twenty-fours before that hearing (*id*. at 25). In any event, petitioner does not raise any claim about the timing of his notice. His sole contention as to its inadequacy is that it failed to distinguish between "actual" and "constructive"

possession of the contraband. The Ninth Circuit has noted that *Wolff* "provides little guidance as to the specificity of notice necessary to satisfy due process." *Zimmerlee v. Keeney*, 831 F.2d 183, 188 (9th Cir. 1987). In *Zimmerlee*, the Ninth Circuit went on to hold that a notice was adequate where it provided facts and dates sufficient to allow the inmate to marshal facts for his defense. *Id*. The notice in this case provided sufficient factual detail. The rules violation report noted the date and time of the cell search, the location where the contraband was found, and the type of contraband he was accused of possessing. ECF No. 10-1 at 26. The court notes that petitioner has failed to cite any established federal law requiring a prison disciplinary notice to distinguish between "actual" and "constructive" possession of contraband. Indeed, "constructive possession"[3] is only a way of showing possession of an item; it is not a separate charge which would entitle an inmate to specific notice. Nor has petitioner provided any specific argument as to how his defense would have been different had he been aware of the distinction between "constructive" and "actual" possession. At the hearing, he pleaded not guilty and stated that he "had no knowledge of the phone, whatsoever", thereby arguing that his cellmate had sole possession of the phone and had placed it in his CD case without his knowledge. *Id*. at 27. This defense was applicable to both theories of possession. *See In re Daniel G.*, 120 Cal. App. 4th 824, 831 (2004) ("Constructive possession means the object is not in the defendant's physical possession, but the defendant *knowingly* exercises control or the right to control the object.") (emphasis added). Accordingly, this claim should be denied.

  **C.  Lack of Uniformity**

Petitioner's final claim is that three state court decisions regarding "constructive" possession evidence a lack of state law uniformity on the issue. ECF No. 1 at 8. He first presented this claim in his petition to the California Supreme Court (ECF No. 10-2 at 46) which

---

[3] Constructive possession applies where a person "knowingly holds ownership, dominion, or control over the object and the premises where it is found." *United States v. Thongsy*, 577 F.3d 1036, 1041 (9th Cir. 2009). Under California law, constructive possession is found where "the accused maintains control or a right to control the contraband; possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or to the joint dominion and control of the accused and another." *People v. Williams*, 5 Cal.3d 211, 215 (1971).

10

was summarily denied (*id*. at 42). The petition filed in this court cites three cases: (1) *In re Zepeda*, 141 Cal. App. 4th 1493, 47 Cal. Rptr. 3d 172 (2006); (2) *In re Rothwell*, 164 Cal. App. 4th 160, 78 Cal. Rptr. 3d 723 (2008); and (3) *People v. Showers*, 68 Cal. 2d 639, 68 Cal. Rptr. 459 (1968). Petitioner argues that *Zepeda* conflicts with *Rothwell* and *Showers*, but makes no effort to explain either how the cases conflict or how the conflict, assuming it exists, violated his constitutional rights. ECF No. 1 at 8.

In his traverse, petitioner cites *Rothwell* for the proposition that "constructive" possession demands that the individual possessing the contraband do so at the defendant's direction or permission and it also requires that the defendant retain the capacity to exercise control or dominion over the contraband. ECF No. 11 at 5. He also argues that the holding in *Showers* cuts against his conviction insofar as he did not maintain control over his prison cell and his access to it was not exclusive. *Id*. The traverse raises no argument as to how these cases are in conflict with *Zepeda*, however, and a reading of the three cases does not point to any obvious point of conflict between them. *Zepeda* and *Rothwell* reached different outcomes as to their respective petitioners, but the facts of each case were distinct. In *Zepeda*, the court of appeal determined that there was "some evidence" to support the petitioner's conviction because razor blades were found in a cell he shared with one other inmate. 141 Cal. App. 4th 1493, 1499-1500. The *Rothwell* court found that the petitioner's conviction for possession of narcotics could not be supported because the heroin he had sought from another party was indisputably intercepted by prison officials before he could take possession of it. 164 Cal. App. 4th 160, 171-172. *Showers* does note that "possession may be imputed when the contraband is found in a location which is immediately and exclusively accessible to the accused and subject to his dominion and control." 68 Cal. 2d 639, 644. *Showers* does not purport to limit possession to these circumstances, however, and goes on to list other circumstances supporting possession. *Id*. ("The accused is also deemed to have the same possession as any person actually possessing the [contraband] pursuant to his direction or permission where he retains the right to exercise dominion or control over the property.") In any event, petitioner's actual argument concerning the lack of uniformity presented by these cases is unclear, and the court declines to construct an argument on his behalf

based on guess-work or implication. As such, this claim fails because a "cursory and vague claim cannot support habeas relief." *Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011). Moreover, the Supreme Court has held that "the Fourteenth Amendment does not 'assure uniformity of judicial decisions (or) immunity from judicial error . . .' Were it otherwise, every alleged misapplication of state law would constitute a federal constitutional question." *Beck v. Washington*, 369 U.S. 541, 554-55 (1962) (citation omitted); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("[A]lleged errors in the application of state law are not cognizable in federal habeas corpus."). This claim must be denied.

**V.  Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  November 29, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE